[No. 7,129—Department One.]

E. C. CURTISS HUTCHINSON v. GEORGE O. HUTCHINSON.

RESULTING TRUST—GIFT—INSUFFICIENCY OF EVIDENCE—FINDINGS.—Land was conveyed to the husband of the plaintiff, for which she paid the purchase money; and in an action against the defendant, to whom the land had been conveyed without consideration, the Court found that the money was advanced by the plaintiff as a gift to her husband. *Held:* The finding is unsupported by the evidence.

APPEAL from a judgment for the defendant, and from an order denying a new trial, in the Superior Court of Alameda County. CRANE, J.

The only evidence tending to sustain the finding of the Court, was that of Mrs. Levi, one of the grantors in the deed, who testified as follows: "The plaintiff came to the house once before the sale, but I did not know who she was, or that she had anything to do with the purchase of the property, until I saw her at the bank. My husband was then present

with me when the money was paid over.  *  *  *  When my husband asked her why the deed went to Charles, she said that it was none of his business if she saw fit to give the property to Charles." Charles C. Hutchinson, the husband, was not called as a witness.  On the other hand, the plaintiff testified that she did not intend the property for a present at all to any one, and that her husband did not claim the property; and several witnesses testified as to declarations of Charles Hutchinson, to the effect that he held the property in trust for his wife.

*Charles F. Hanlon*, for Appellant.

*A. C. Searle*, for Respondent.

Ross, J.:

The findings of the Court below are unsupported by the evidence.  It clearly appears therefrom, that the property in question was bought and paid for by the plaintiff with her separate funds—the deed being taken in the name of her husband, who subsequently, without consideration, executed to his father, the defendant in the action, the deed of gift for the property.  There is not sufficient evidence that either the money with which the property was purchased, or the property itself, was ever intended as a gift from the plaintiff to her husband.

Judgment and order reversed, and cause remanded for a new trial.

McKINSTRY and McKEE, JJ., concurred.